FILED
U.S. District Court
District of Kansas
09/08/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**RASHAWN T. ANDERSON,**

**Petitioner,**

**v.** **CASE NO. 26-3329-JWL**

**STATE OF KANSAS,**

**Respondent.**

**MEMORANDUM AND ORDER**

This matter is a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 by Petitioner RaShawn T. Anderson, a state prisoner currently incarcerated at Lansing State Correctional Facility in Lansing, Kansas. For the reasons explained below, the Court will dismiss this matter for lack of jurisdiction because it is an unauthorized second or successive petition. If Petitioner wishes to pursue federal habeas relief related to his 2008 Shawnee County conviction, he must obtain authorization to do so from the Tenth Circuit before filing a petition in this Court.

**Background**

In August 2008, Petitioner pled no contest to and was convicted of one count of first-degree murder in Shawnee County, Kansas. (Doc. 1, p. 1-2); *see also State v. Anderson*, 291 Kan. 849, 850 (2011) (*Anderson I*). Prior to sentencing, Petitioner filed a motion to withdraw his plea, which the state district court denied. *Anderson I*, 291 Kan. at 850. The following spring, the state district judge sentenced Petitioner to life in prison without the possibility of parole for 25 years. (Doc. 1, p. 1-2.) Petitioner directly appealed the denial of his motion to withdraw his plea, but the Kansas Supreme Court ("KSC") affirmed the denial in March 2011. *Anderson I*, 291 Kan. at 850.

In March 2012, Petitioner filed a motion in state district court seeking state habeas relief

under K.S.A. 60-1507. *See Anderson v. State*, 2016 WL 2942297, *5 (Kan. Ct. App. May 20, 2016) (*Anderson II*), *rev. denied* Aug. 28, 2017. The district court denied the motion and, on appeal, the Kansas Court of Appeals ("KCOA") affirmed the denial. *Id.* at *1. The KSC denied the subsequent petition for review in August 2017.

In July 2018, Petitioner filed in this Court a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2008 Shawnee County murder conviction. *See Anderson v. Cline*, Case No. 18-3173-SAC, Doc. 1. After allowing Petitioner to present argument on the timeliness of the petition, United States Senior District Judge Sam A. Crow issued an order on August 21, 2019 dismissing the petition as untimely filed. *See id.* at Doc. 5. Petitioner did not appeal the dismissal.

In January 2022, Petitioner returned to state court and filed a motion to correct an illegal sentence, challenging the legality of the sentence imposed in 2009 by the Shawnee County District Court. *See Anderson v. State*, 2025 WL 2814601, *1 (Kan. Ct. App. Oct. 3, 2025) (*Anderson III*), *rev. denied* April 30, 2026. The state district court summarily denied the motion and, on appeal, the KCOA affirmed the denial. *See id*. The KSC denied Petitioner's petition for review in April 2026.

On September 4, 2026, Petitioner began the case now before this Court by filing a second petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2008 Shawnee County murder conviction. (Doc. 1.)

**Analysis**

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts requires the Court to review each habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254. Under 28 U.SC. § 2244(b), "the filing of a second or successive § 2254 application is tightly constrained." *Case v. Hatch*, 731 F.3d 1015, 2026 (10th Cir. 2013). Before a petitioner may proceed in a second or successive application for habeas corpus relief, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

As noted above, Judge Crow denied Petitioner's first petition for federal habeas relief under § 2254 in 2019 because it was not timely filed. When a § 2254 habeas petition is dismissed as time-barred, that is "a decision on the merits," meaning that "any later habeas petition challenging the same conviction is second or successive and is subject to the AEDPA requirements of preauthorization." *See In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011). Thus, because Petitioner's current § 2254 petition challenges his 2008 Shawnee County murder conviction, it is a "second or successive" application for § 2254 relief. There is no indication that Petitioner has obtained from the Tenth Circuit the required preauthorization to file a "second or successive" petition.

This Court lacks jurisdiction to consider unauthorized second or successive petitions for § 2254 relief. Thus, the Court must either dismiss the petition or, if it is in the interest of justice, transfer it to the Tenth Circuit for possible authorization to proceed. The Court concludes that transfer of this matter would not serve the interest of justice, so it will dismiss this matter without prejudice for lack of jurisdiction. If Petitioner wishes, he may independently apply directly to the Tenth Circuit for authorization to proceed in a second or successive § 2254 petition.

**Certificate of Appealability**

Under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "the district court must issue or deny a certificate of appealability [(COA)] when it enters a final order adverse to the applicant."

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural ruling in this matter is not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter is **dismissed without prejudice** as an unauthorized second or successive petition under 28 U.S.C. § 2254 which the Court lacks jurisdiction to consider. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED: This 8th day of September, 2026 at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge